UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CALVIN ALLEN | ) | |
| | ) | |
| vs. | ) | Crim. No. 1:15-cr-00036-HSO-RHW |
| | ) | Civil No. 1:16cv200HSO |
| UNITED STATES OF AMERICA | ) | |

### RESPONSE TO CLAIM OF INEFFECTIVE ASSISTANCE

1. The undersigned Attorney has carefully reviewed the 28 U.S.C. § 2255 Motion To Vacate, Set Aside Or Correct Sentence and supporting Memorandum Of Law, filed by Mr. Allen, claiming ineffective assistance by the undersigned, and, as Ordered by the Court, the undersigned does file this verified response:

2. The crux of Mr. Allen's argument is that the undersigned did fail to disclose to the Court, at the time of sentencing, that Mr. Allen had cooperated with the law enforcement and that the omission from the PSR of said cooperation should have been objected to by the undersigned.

3. The undersigned would show Mr. Allen did cooperate with law enforcement by proffering on April 30, 2015. Afterwards, the undersigned did speak with the case agent in reference to a potential downward departure and was advised no decision had been made but that Mr. Allen's cooperation would be disclosed.

4. Contrary to Mr. Allen's position in his Affidavit that the PSR prepared in this matter does not reflect the proffer and full cooperation with law enforcement, the original PSR prepared on June 25, 2015, clearly addresses Mr. Allen's proffer in paragraphs 199 through 208 and the revised PSR prepared July 24, 2015, in paragraphs 202 through 211, restates it again.

5.      Mr. Allen further asserts the undersigned was ineffective by failing, in the absence of a substantial assistance motion by the Government, to pursue a departure pursuant to Title 18, U.S.C. § 3553. Contrary to this assertion, the undersigned did discuss with Mr. Allen the propriety of advancing a Title 18, U.S.C. § 3553 argument to the Court which would have detailed Mr. Allen's cooperation. However, as same was already disclosed in the PSR and after a comparison of the §3553(a) sentencing factors, to include Mr. Allen's cooperation, against the §3553(b) aggravating circumstances present in Mr. Allen's history and life story, we decided it was best not to pursue this manner of relief.

6.      Mr. Allen's extensive criminal history related to Sexual Battery, Burglary of Dwelling, Theft of Firearms, Child Molestation, Auto Theft, multiple violations of probation, the fact Mr. Allen committed the instant offense while on supervision from Georgia on the Molestation conviction and the fact Mr. Allen was able to beat a weapons charge in Jackson County, Mississippi, in 2014, it was agreed these factors would swamp and otherwise overwhelm any and all §3553(a) factors. In all candor, the undersigned was of the opinion that no §3553(a) factors were present, outside of the already PSR disclosed cooperation, as Mr. Allen had been incarcerated and/or committing felony crimes his entire adult life. Also, the PSR details a number of other felony and misdemeanor crimes Mr. Allen was able to beat, get dismissed or plea to reduced charge. Finally, the PSR details other alleged crimes committed by Mr. Allen contemporaneous to the Blackston DTO such as trafficking in Oxymorphone that did not impact the advisory guideline range.

7.      In full consideration of the breadth and gravity of Mr. Allen's life of crime, repeated non-compliance, a complete failure to ever meaningful demonstrate rehabilitation, and other crimes alleged to have been committed by Mr. Allen contemporaneous to the Blackston DTO, it was agreed that Mr. Allen would be fortunate if the Court, *sua sponte*, did not consider

these aggravating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission and feel compelled to increase Mr. Allen's sentence in accordance with a Title 18 U.S.C. §3553(b). This was clearly known and understood by Mr. Allen and the undersigned given the sentences we witnessed being imposed by the Court on the other Defendant's in the Blackston DTO.

8. Even if one or more §3553(a) factors existed for Mr. Allen, plus his cooperation, it was never going to counterbalance the myriad of aggravating circumstances present and it was agreed the best course at sentencing was to stay away from the PSR as much as possible, hope for a 5K1.1. motion by the Government on the back side of sentencing and fight the Government on co-Defendant, Senon Guzman's proffer, which stated Mr. Allen kept 2 pounds of crystal methamphetamine at his house for the Blackston DTO.

9. In view of the particular history and characteristics of Mr. Allen, a §3553 analysis would have proven to be a kind of Pandora's box which, in all likelihood, would have placed Mr. Allen in greater jeopardy and resulted, justifiably, in an upward departure of sentence.

RESPECTFULLY SUBMITTED, this the 6th day of July, 2016.

BY: /s/ Calvin Taylor
HON. CALVIN TAYLOR

## CERTIFICATE

I, HON. CALVIN TAYLOR, Attorney, do hereby certify I have this date filed the original verified response with the District Court Clerk for the Southern District of Mississippi, and that I have also this date, via email, transmitted an exact copy of same to the following:

Hon. Halil Ozerden
UNITED STATES DISTRICT JUDGE
United States Courthouse
2012 15th Street
Gulfport, MS 39501


Hon. John Meynardie
OFFICE OF U. S. ATTORNEY
john.meynardie@usdoj.gov
1575 20th Avenue
Gulfport, MS 39501


Matthew Becker
U. S. PROBATION AND PAROLE
matthew_becker@mssp.uscourts.gov
2010 15TH Street
Gulfport, MS 39501


Calvin Allen
Reg. No. 18222-043
FCI Memphis
Post Office Box 34550
Memphis, TN 38184


CERTIFIED, this the 6th day of July, 2016.

/s/ Calvin Taylor
HON. CALVIN TAYLOR

HON. CALVIN TAYLOR
ATTORNEY AT LAW
POST OFFICE BOX 0006
PASCAGOULA, MS 39568-0006
TELEPHONE:   (228) 696-0111
FACSIMILE:    (228) 696-0118
MISS. BAR NUMBER: 09529

STATE OF MISSISSIPPI

COUNTY OF JACKSON

## AFFIDAVIT

**PERSONALLY** came and appeared before me, the undersigned and authority in and for said County and State, the within named, CALVIN TAYLOR, who by me being first duly sworn, state on oath that the facts and matters contained in the above and foregoing RESPONSE TO CLAIM OF INEFFECTIVE ASSISTANCE are true and correct as therein stated.

**WITNESS MY SIGNATURE,** this the ___6___ day of ___July___, 2016.

_____
CALVIN TAYLOR

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___6th___ day of ___July___, 2016.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

April 11, 2017

(SEAL)
TARA K MARKSBERRY
NOTARY PUBLIC
ID No. 47208
My Comm Expires
Apr 11, 2017
JACKSON COUNTY
STATE OF MISSISSIPPI