IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:16cv200-HSO |
| | § | 1:15cr36-HSO-RHW-1 |
| CALVIN ALLEN | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [19] of Defendant Calvin Allen ("Defendant" or "Allen") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Allen's former counsel has filed an Affidavit [22] responding to the allegations contained in Allen's Motion [19], the Government has filed a Response [23] in opposition to Allen's Motion [19], and Allen has filed a Reply [25]. After due consideration of the issues presented, the record, and relevant legal authority, the Court is of the opinion that Allen's § 2255 Motion should be denied.

I. FACTS AND PROCEDURAL HISTORY

On April 30, 2015, Allen pleaded guilty in this case to Count 1 of a single-count Bill of Information, *see* Apr. 30, 2015, Minute Entry, which charged that

> beginning sometime in January 2013 and continuing up to November 5, 2014, in George County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **CALVIN ALLEN**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as

-1-

prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

Bill of Information [1] at 1.

Allen entered into a Plea Agreement [6] with the Government which provided, in relevant part, that Allen

> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [6] at 4-5.

Allen was sentenced on August 5, 2015, to a term of imprisonment of 188 months as to Count 1 of the Bill of Information, and Judgment [15] was entered on August 10, 2015. J. [15] at 1-2. The Court ordered that, upon release from imprisonment, Allen shall be placed on supervised release for a term of five years as to Count 1. *Id.* at 3. The Court also ordered Allen to pay a $4,000.00 fine and a $100.00 assessment. *Id.* at 5.

On August 19, 2015, Allen's counsel filed a Motion for Reconsideration [16] and an Amended Motion for Reconsideration [17], seeking reconsideration of Allen's sentence, a new detention hearing, and release under conditions the Court deemed appropriate. Mot. [16] at 1; Am. Mot. [17] at 1. On August 20, 2015, the Court

denied Allen's Amended Motion for Reconsideration [17] and found his original Motion [16] moot.  Order [18] at 1; Aug. 20, 2015, Text Order.  Allen did not file a direct appeal.

On June 10, 2016, Allen filed the present Motion [19] pursuant to 28 U.S.C. § 2255.[1]  Allen alleges that the Government breached the Plea Agreement and that his counsel was ineffective "by failing to advise the Court of Movant's cooperation with law enforcement after the Government breached the terms of the plea agreement by failing to do so."  Mem. [20] at 5.  According to Allen, "counsel should have at least objected to exclusion of Movant's cooperation in the PSR."  *Id.*

## II. DISCUSSION

A.  Relevant legal authority

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *see also United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).  "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'"  *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.

---

[1] Allen executed the Motion and placed it in the prison mailing system on June 6, 2016. Mot. [19] at 12.

1991)).

Allen contends that the Government breached his Plea Agreement and that he received ineffective assistance of counsel. "A defendant may collaterally attack his guilty plea on the grounds of an alleged violation of the plea agreement." *United States v. Borders*, 992 F.2d 563, 566 (5th Cir. 1993) (citation omitted). Claims of ineffective assistance of counsel may also generally be heard by way of a § 2255 motion. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

B.  Construing all facts alleged in Allen's favor, Allen has not shown a breach of the Plea Agreement.

　　1.　Relevant legal standard

"[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand[.]" *Cates*, 952 F.2d at 151 (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)). "When construing a plea agreement, [the Fifth Circuit] look[s] to what the defendant reasonably understood when entering his plea." *Borders*, 992 F.2d at 567 (quotation omitted).

"Whether the government's conduct violated the terms of the plea agreement is a question of law." *United States v. Palomo*, 998 F.2d 253, 256 (5th Cir. 1993) (quotation omitted); *see also United States v. MacInnis*, 58 F.3d 637, 1995 WL 371137, at *2 (5th Cir. 1995). A defendant bears the burden of proving the underlying facts establish a breach by a preponderance of the evidence. *Palomo*, 998 F.2d at 256; *see also MacInnis*, 1995 WL 371137, at *2.

    2.    <u>Allen has not shown any breach by the Government.</u>

Allen argues that he "was confident that his cooperation would be disclosed to the Court and at least, considered under 18 U.S.C. § 3353(a) [sic] factors." Mem. [20] at 6. According to Allen, once his "cooperation was willfully omitted from the PSR and at sentencing, counsel was obligated to raise the issue before the Court at sentencing." *Id.*[2]

The PSR detailed the case agent's interview of Allen and the information Allen provided. According to the Government, "it was the opinion of the case agent that his information was not credible." Resp. [23] at 3. Allen's former counsel was aware of the contents of the PSR, and the Court considered the PSR in order to determine an appropriate sentence. Allen's allegation that the Government breached the Plea Agreement has no factual support in the record and is not grounds for § 2255 relief.

To the extent that Allen argues that any cooperation information was not included in the PSR, Allen has not shown any breach of the Plea Agreement by the Government. What Allen is arguing is that the Government's duty under the agreement was to inform the Court of the nature and extent of his cooperation, regardless of whether the U.S. Attorney deemed it credible or relevant to

---

[2] Defendant does not argue that the Government should have filed a Motion pursuant to United States Sentencing Guideline § 5K1.1, recognizing this determination is in the Government's sole discretion. *See* Mem. [20] at 8; *see also, e.g., United States v. Solis*, 169 F.3d 224, 226 (5th Cir. 1999) (holding that § 5K1.1 grants the Government sole discretionary power to make a motion for a downward departure). Defendant instead focuses on 18 U.S.C. § 3553(a). *See* Mem. [20] at 8.

sentencing. A plain reading of the Plea Agreement [6] and Plea Supplement [7] demonstrates that disclosure of Allen's cooperation is not triggered unless the U.S. Attorney deems it relevant to sentencing. *See* Plea Supplement [7] at 1. Allen's interpretation of the plea documents would render meaningless the Government's right under the agreement to determine the relevance of Allen's cooperation. *See id.* According to the Government, with respect to Allen's proffer, "it was the opinion of the case agent that his information was not credible." Resp. [23] at 3.

Allen disputes the Government's view of his credibility. *See* Reply [25] at 2-3. However, this does not create a fact question which the Court must reach in order to resolve Allen's § 2255 Motion. Based upon the plain terms of the Plea Agreement and Plea Supplement, the U.S. Attorney's opinion on Allen's cooperation controls, not Allen's impression of his own cooperation. Accepting all of Allen's allegations as true, Allen has not shown that the Government's conduct violated the terms of the Plea Agreement.[3]

C. <u>Construing all facts alleged in Allen's favor, Allen has not shown ineffective assistance of counsel or prejudice.</u>

    1. <u>Relevant legal standard</u>

Allen asserts that his attorney provided him ineffective assistance of counsel.

---

[3] As purported proof that the information Allen supplied was credible, he refers to the PSRs of Defendant Kermit Blackston, 1:14cr77-HSO-RHW-3, and Defendant Oscar Martinez, 1:16cr12-HSO-RHW-1. *See* Reply [25] at 3; Allen's Aff. [25-1] at 1. The Court is familiar with these PSRs, as it sentenced both Blackston and Martinez. Neither Blackston's PSR nor Martinez's PSR contained any additional information which was supplied by Allen beyond that contained in Allen's own PSR.

Mot. [20] at 5. To demonstrate ineffective assistance of counsel, Allen must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).

"For the deficiency prong [of *Strickland*], counsel's performance is to be accorded 'a heavy measure of deference.'" *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). As for the prejudice prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

> This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case."

*Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 694).

    2.    <u>Allen has not demonstrated ineffective assistance or prejudice under *Strickland*.</u>

According to Allen's former counsel, asking the Court to weigh Allen's alleged cooperation under 18 U.S.C. § 3553(a) against aggravating sentencing factors under § 3553(b) could have resulted in an increased sentence for Allen under the particular circumstances of this case. Counsel's Aff. [22] at 2-3. Counsel and Allen

-7-

therefore made the strategic, conscious, and informed decision not to pursue this argument at sentencing. *See id.* Counsel's strategic choice does not constitute ineffective assistance of counsel. *See, e.g., United States v. Juarez*, 672 F.3d 381, 386 (5th Cir. 2012) (holding that under *Strickland*, "the court is 'highly deferential' and must apply a strong presumption that counsel's performance was reasonable or 'might be considered sound trial strategy'") (quoting *Strickland,* 466 U.S. at 689).

The record reflects that Counsel and Allen believed that it was in Allen's best interest not to ask the Court to consider the extent of Allen's cooperation under § 3553(a), because other factors the Court would then consider under that statute would outweigh Allen's cooperation. Allen therefore cannot demonstrate prejudice under *Strickland*.

Allen's Reply [25] argues that "it is impossible to speculate that the term of imprisonment would have discouraged Movant from disclosing his cooperation to the Court." Reply [25] at 3-4. Allen does not, however, dispute his former counsel's statement that they made a strategic decision not to argue cooperation with respect to the § 3553(a) factors. *See* Counsel's Aff. [22] at 2-3. Based upon this direct evidence, which Allen does not contradict, the Court need not speculate in order to treat counsel's approach as a strategic one. *See id.*; Reply [25] at 3-4.

Moreover, in imposing Allen's sentence, the Court did consider sua sponte the relevant factors set forth in 18 U.S.C. § 3553 in the context of the facts of the case. The Court found the following factors relevant: (1) the nature and circumstances of the offense and Allen's history and characteristics; and (2) the need for the sentence

imposed (a) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of Allen; and (d) to provide Allen with correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(1)-(2).

In considering the nature and circumstances of the offense and Allen's history and characteristics under § 3553, the Court implicitly considered the information regarding Allen's proffer which was included in the PSR. *See United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014) (holding that "a sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a § 5K1.1 motion"). It is pure conjecture that Allen's sentence would have been lesser had Allen's counsel disclosed any purported additional cooperation not reflected in the PSR. This is particularly true given the agent's opinion that the information Allen supplied was not credible, Resp. [23] at 3, and given Allen's extensive criminal history and his significant role in this large drug-trafficking organization, which involved the use and brandishing of weapons and constituted a threat to public safety.

In sum, Allen has not shown any breach by the Government of the Plea Agreement, nor has he demonstrated that his former counsel's representation fell below an objective standard of reasonableness, or that counsel's purported ineffective assistance was prejudicial. *See Strickland*, 466 U.S. at 687-88. Any recitation of Allen's purported cooperation to the Court at sentencing may well have

been to his detriment, and counsel's strategic decision not to bring the extent of Allen's alleged cooperation to the Court's attention at sentencing worked to Allen's benefit rather than his prejudice. Accepting all of Allen's allegations as true, Allen cannot show prejudice as to the length of his sentence due to his counsel's alleged ineffective assistance at sentencing.

### III. CONCLUSION

Because the Motion, files, and records conclusively show that Allen is entitled to no relief, the Court finds that Allen's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [19] of Defendant Calvin Allen to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE