IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. 1:15cr36-HSO-RPM |
| | § | |
| CALVIN ALLEN | § | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT CALVIN ALLEN'S MOTION [72] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Calvin Allen's Motion [72] for Compassionate Release. Because Defendant has not shown that there are extraordinary and compelling reasons justifying his release, the Court finds that this Motion [72] should be denied.

### I. BACKGROUND

Pursuant to a written Plea Agreement [6] with the Government, on April 30, 2015, Defendant Calvin Allen ("Defendant") pleaded guilty to a one-count Information [1] in this case, which charged that he

> did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.
>
> All in violation of Section 846, Title 21, United States Code.

Information [1] at 1. On August 5, 2015, the Court sentenced Defendant to 188 months imprisonment followed by five years of supervised release, with a $4,000.00

fine and $100.00 special assessment. Min. Entry Aug. 5, 2015; J. [15] at 2-3, 5. Defendant is currently incarcerated at Federal Correctional Institution, Oakdale I ("Oakdale I FCI") in Oakdale, Louisiana. Defendant filed his initial Motion [62] for Compassionate Release on April 20, 2020, which was denied without prejudice for his failure to comply with the mandatory exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). Order [70] at 7-8.

On October 27, 2020, Defendant moved a second time for compassionate release from custody of the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic presents "unique risks" for correctional facilities for "both inmates and employees." Mot. [72] at 12. Defendant claims that he is "powerless to take the preventative self-care measures directed by the CDC" and that "[h]e cannot self-quarantine or partake in 'social distancing' in his prison facility." *Id.* at 14.

Defendant was notified on April 17, 2020, that he was identified as a "high risk concern" and was "highly encourage[d]" to inform BOP staff if he experienced "fever, cough, difficulty breathing, or [felt] ill." Ex. 1 [72-1]. Defendant then made a request for home confinement under the CARES Act which was received by the Warden's office on April 22, 2020, Ex. 2 [72-2]; Ex. 7 [72-7] at 5, and was denied on May 11, 2020, Ex. 3 [72-3]. Defendant appealed the Warden's decision on May 19, 2020, Ex. 7 [72-7] at 7, which was denied on June 15, 2020, *id.* at 8. Defendant again appealed the denial, *id.* at 9, which was denied on August 17, 2020, but not

2

received by Defendant until September 11, 2020, Ex. 4 [72-4]. Defendant asserts that he was now exhausted his administrative remedies. Mot. [72] at 7.

Defendant contends that because he "suffers from significant health conditions" and is considered "high risk" by the BOP, the COVID-19 pandemic entitles him to compassionate release. Mot. [72] at 15. He states that he suffers from asthma, diabetes, hypertension, high cholesterol, anemia, anxiety, and depression, and is therefore at higher risk of suffering from adverse effects of COVID-19. *Id.* Defendant also claims that "[t]he dangerous environment at Oakdale, coupled with [his] documented medical conditions, constitute the sort of extraordinary conditions that warrant compassionate release." *Id.* at 16. Should the Court grant Defendant compassionate release, he states that he "has a very good support system and family to come home to[,] . . . a safe place to live, good health insurance and the ability to gain immediate employment." *Id.* Defendant further asserts that he is not a threat to the public, pointing to his "record of good behavior while incarcerated," his enrollment in "more than twenty courses offered by" BOP, and his demonstration of "a real change in his attitude and commitment to being a better husband, father, and citizen of our community." *Id.* at 17.

The Government concedes that Defendant has now exhausted his administrative remedies and refers the Court to its previous submission in response to Defendant's initial Motion [62] for Compassionate Release. Resp. [66] at 1. In that Response [66], the Government argued that Defendant failed to present any extraordinary or compelling reasons warranting a sentence reduction because "[t]he

3

mere existence of the COVID-19 pandemic . . . does not" warrant a reduction in Defendant's sentence. *Id.* at 11. The Government maintained that Defendant had not "provided sufficient documentation for why his asserted medical conditions warrant release," and that the regular medical treatment Defendant was receiving from BOP is adequate in light of the pandemic. *Id.* at 12-13. The Government also contended that Defendant would pose a danger to public safety if he was released, and that, "on that basis alone," the Court should deny Defendant's Motion [72]. *Id.* at 13.

## II. DISCUSSION

A. <u>Whether Defendant has exhausted his administrative remedies</u>

Section 3582(b) of Title 18 of the United States Code provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

4

> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). To fully exhaust all administrative remedies under § 3582(c)(1)(A), an inmate who is not satisfied with a warden's response to his initial request

> may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

The Government concedes that Defendant has now exhausted his administrative remedies. Resp. [76] at 1. The Court turns to the merits of Defendant's request.

B. <u>Whether Defendant has demonstrated that "extraordinary and compelling reasons" justify his release</u>

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement issued by the Sentencing Commission appears in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. *See* U.S.S.G. § 1B1.13 p.s.; *see also United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (citing U.S.S.G. § 1B1.13 p.s.).

5

Under § 1B1.13(1)(A), a reduction is appropriate when a court determines that extraordinary and compelling reasons warrant a reduction, and the defendant is not a danger to the safety of any other person or the community. *Id.*

According to Application Note 1 of § 1B1.13 of the Sentencing Guidelines, the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. With respect to a defendant's medical condition, the Application Note contemplates terminal illnesses, serious physical or medical conditions, serious functional or cognitive impairments, or deteriorating physical or mental health because of the aging process, that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* at cmt. n.1(A). "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." *Id.* at cmt. n.1(D).

Defendant argues that his health conditions constitute "extraordinary and compelling reasons" warranting compassionate release due to the COVID-19 pandemic. Mot. [72] at 15. Defendant contends that his health conditions, coupled with the "dangerous environment" at Oakdale I FCI, "constitute the sort of extraordinary conditions that warrant compassionate release." *Id.* at 16.

Courts to have considered this question agree that generalized concerns of contracting COVID-19 do not constitute "extraordinary and compelling reasons" justifying release. *See, e.g.*, *United States v. Perez-Serrano*, No. CR 5:13-CV-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020); *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Ayala-Calderon*, No. 419CR00276ALMKPJ, 2020 WL 1812587, at *2 (E.D. Tex. Apr. 8, 2020); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020); *see also United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020). This must be the rule because if it were otherwise and courts were required to release every prisoner with a fear or risk of contracting COVID-19, the courts "would then be obligated to release every prisoner." *Wright*, 2020 WL 1976828, at *5.

The Court has not located any Fifth Circuit precedent directly addressing this question, but the United States Court of Appeals for the Third Circuit has cited this logic approvingly and noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United*

7

*States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds this logic persuasive and that it should apply with equal force to this case.

Other courts considering the effect of pre-existing medical conditions on this analysis have held that such a condition "in and of itself is not sufficient to establish extraordinary and compelling reasons to justify a reduction in Defendant's sentence." *United States v. Olejniczak*, No. 1:15-CR-00142 EAW, 2020 WL 2846591, at *4 (W.D.N.Y. June 2, 2020) (finding defendant's pre-existing medical conditions insufficient to justify reduction in sentence); *see also United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (finding that a defendant failed to demonstrate that his hypertension and high cholesterol justified his compassionate release); *United States v. Okpalobi*, No. CR 13-101, 2020 WL 3429939, at *3-4 (E.D. La. June 23, 2020) (finding that a defendant's conditions of hypertension and asthma did not constitute "extraordinary and compelling reasons meriting compassionate release"); *United States v. Hooker*, No. 3:14-CR-0367-B, 2020 WL 3843736, at *3 (N.D. Tex. July 8, 2020) (denying a defendant's compassionate release despite underlying health conditions like hypertension, asthma, and renal conditions because defendant failed to show that BOP was not equipped to adequately control the spread of the COVID-19).

Defendant's generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release, despite his diagnoses of asthma, diabetes, hypertension, high cholesterol, anemia, anxiety, and depression. Defendant's medical records show that he has

8

several prescriptions for his asthma, diabetes, hypertension, and anxiety, and that BOP Health Services has made several adjustments to Defendant's medication based on his personal assessment of his conditions. Ex. 8 [72-8]; Ex. A [66-1] at 2-3. The medical evidence supports the conclusion that Defendant's conditions do not "substantially diminish[] [his] . . . ability . . . to provide self-care within the environment of a correctional facility," U.S.S.G. § 1B1.13 n.1(A)(ii), as evidenced by Defendant's ability to receive medical care from BOP for these conditions and to administer his prescribed medications himself, Ex. 8 [72-8]; Ex. A [66-1] at 2-3.

Nor has Defendant demonstrated that the factors under 18 U.S.C. § 3553(a) weigh in favor of his early release.

> These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)). Defendant notes that he has had a record of good behavior while incarcerated, has completed numerous classes offered by BOP, and has demonstrated a change in his attitude and commitment to being a better husband, father, and citizen. Mot. [72] at 17.

While Defendant's efforts to improve himself are certainly laudable, he is currently serving a 188-month sentence of imprisonment, of which he has completed

9

only roughly 5 years. Mot. [72] at 15. His projected release date is May 20, 2028. *Id*. BOP, in denying his appeal of the Warden's denial of home confinement, determined that because Defendant's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") risk score was low, and because he had completed less than fifty percent of his term of imprisonment with significantly more than 18 months left to serve, he was not an appropriate candidate for priority home confinement. Ex. 7 [72-7] at 8.

At the time of sentencing, the Presentence Investigation Report ("PSR") reflected that Defendant's offense level was a 35, and his criminal history was a level IV, having been previously been convicted of various offenses including theft by shoplifting, burglary, sexual battery, auto theft, child molestation, and driving under the influence. Presentence Investigation Report [11] at 36-41. Defendant was convicted of a serious offense in this case, which was committed while he was still serving a term of probation under a sentence for child molestation in Georgia. PSR [11] at 41. The sentence imposed in this case reflects the seriousness of the offense, as well as the need for deterrence and protection of the public under § 3553(a). While the Court again commends Defendant for his commitment to self-improvement during his period of incarceration, the seriousness of the offense, as well as Defendant's prior criminal history and the need to protect the public, weigh against a reduction in sentence based upon consideration of the § 3553(a) factors. Defendant's Motion [72] should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Calvin Allen's Motion [72] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of December, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE