**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:15-cr-36-HSO-RPM-1** |
| | § | |
| | § | |
| **CALVIN ALLEN** | § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT CALVIN
ALLEN'S MOTION [81] FOR COMPASSIONATE RELEASE**

Defendant Calvin Allen seeks compassionate release under 18 U.S.C. § 3582,

*see* Mot. [81], which the Government opposes, *see* Resp. [82].  Because Allen has

failed to exhaust his administrative remedies, his Motion [81] should be denied

without prejudice.

## I.  BACKGROUND

A.    Allen's Conviction and Sentence

Pursuant to a Plea Agreement [6] with the Government, on April 30, 2015,

Defendant Calvin Allen ("Defendant" or "Allen") pleaded guilty to Count 1 of the

Information [1], which charged that he

> did knowingly conspire with others both known and unknown to the
> Grand Jury, to possess with intent to distribute 5 grams or more of
> actual methamphetamine, a Schedule II narcotic drug controlled
> substance, as prohibited by Section 841(a)(1), Title 21, United States
> Code.
>
> All in violation of Section 846, Title 21, United States Code.

Information [1] at 1. The charge carried a maximum statutory term of imprisonment of 40 years. *See* Presentence Investigation Report ("PSR") [11] at 47 (filed under seal).

On August 10, 2015, the Court sentenced Defendant to a 188-month term of imprisonment followed by 5 years of supervised release, a $4,000.00 fine, and a $100.00 special assessment fee. *See* Min. Entry Aug. 5, 2015; J. [15] at 2-3, 5. On April 20, 2020, Defendant filed his first Motion [62] for Compassionate Release, *see* Mot. [62], which was denied because he failed to exhaust his administrative remedies, *see* Order [70]. Undeterred, Defendant filed a second Motion [72] for Compassionate Release, this time complying with the necessary exhaustion requirements. *See* Mot. [72] at 7; Order [77] at 5. However, the Court denied this Motion [72] on the merits, stating that "the seriousness of the offense, as well as Defendant's prior criminal history and the need to protect the public, weigh against a reduction in sentence based upon consideration of the § 3553(a) factors." Order [77] at 10.

Defendant is now 54 years old and is no longer housed in a prison facility; instead, he is currently under the supervision of the Montgomery Residential Reentry Management ("RRM") field office. *See* Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (last visited April 23, 2026). His projected release date is June 17, 2027. *See id.*

2

B.        Allen's Request for Compassionate Release

Proceeding pro se, on March 23, 2026, Defendant filed his third Motion [81] for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).  *See* Mot. [81] at 1. Defendant argues that his "medical situation has been extremely challenging," citing his diabetes and ongoing medical issues stemming from back surgery.  *Id.* The Government opposes the Motion [81], arguing that it should be denied for failure to exhaust administrative remedies.  *See* Resp. [82] at 3-5.  Defendant has not filed a reply or otherwise responded to this argument.

## II.  DISCUSSION

A.        Relevant Legal Authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)     in any case—
>         (A)     the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

> (i)      extraordinary and compelling reasons warrant such
> a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court.  Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'"  *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory.  *See id.* at 467-68.

In addition, the exhaustion requirement in § 3582(c)(1)(A) applies even when a defendant is no longer housed in a formal prison facility.  *See id.* at 468-69.  As the Fifth Circuit has explained, "Bureau of Prisons regulations define the 'warden' to include 'the chief executive officer of . . . any federal penal or correctional institution or facility.'"  *Id.* (quoting 28 C.F.R. § 500.1(a)) (clarifying that a defendant who resides in a halfway house must still exhaust administrative remedies before seeking relief in court); *see also United States v. Pritchett*, No. 1:18-CR-153-LG-JCG-1, 2020 WL 6720955, at *1 (S.D. Miss. Nov. 16, 2020).

B.    Analysis

The Government argues that "Allen's last administrative remedy requests occurred in September 2022, for a different reason than his instant motion," Resp. [82] at 4, and "[t]here is no administrative request current on file with the BOP indicating that Allen has filed any request to the chief executive officer of his

4

halfway house," *id.* at 5.  The Government submitted BOP records verifying this, *see* Ex. [82-1], and again, Defendant has not responded to this argument.  Based on this record, there is no evidence that Defendant has exhausted his administrative remedies under § 3582(c)(1)(A).  The exhaustion requirement is mandatory, *see Franco*, 973 F.3d at 468, and as the Court stated the last time it faced this issue with Defendant, "[it] cannot and will not consider Allen's request to reduce his sentence until he has complied with the exhaustion requirements of § 3582(c)(1)(A) . . . ," Order [70] at 8.

Furthermore, this is the third time Defendant has petitioned the Court for compassionate release, *see* Mot. [62]; Mot. [72], and the second time he has done so without exhausting his administrative remedies, *see* Order [70].  It is also the third time that the Court has explained to Defendant the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).  *See id.*; Order [77] at 4-5.  Courts have broad authority to deter vexatious filings, *see Davis v. Hinds Cnty., Mississippi*, No. 3:15-CV-874-CWR-LRA, 2017 WL 11450979, at *1 (S.D. Miss. Oct. 25, 2017) (citing *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008)), which could result in an order requiring Defendant to receive prior court approval before filing new motions in this district if this issue persists, *see id.*; *see also Prewitt v. Alexander*, 173 F.R.D. 438, 443 (N.D. Miss. 1996) (collecting cases).  Defendant is cautioned that if he files another motion for compassionate release, he must ensure that it complies with all exhaustion requirements.  Failure to comply with this admonition may result in the Court imposing sanctions, including a potential filing ban.

### III.  CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Calvin Allen's Motion [81] for Compassionate Release under 18 U.S.C. § 3582 is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 28th day of April, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE