**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:15-cr-36-HSO-RPM-1** |
| | § | |
| | § | |
| **CALVIN ALLEN** | § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT CALVIN
ALLEN'S MOTION [85] FOR COMPASSIONATE RELEASE**

Defendant Calvin Allen ("Defendant" or "Allen") has returned before the
Court seeking compassionate release under 18 U.S.C. § 3582, *see* Mot. [85], but he
has again failed to exhaust his administrative remedies.  Defendant's Motion [85]
should be denied without prejudice.

## I.  BACKGROUND

The Court has recently addressed the facts of Defendant's conviction and
sentence, *see* Order [83] at 1-3, but to summarize: Defendant pled guilty to
conspiracy to possess with intent to distribute methamphetamine in April, 2015, *see*
Plea Agreement [6]; Indictment [1]; he was sentenced to 188 months of
imprisonment followed by 5 years of supervised release, *see* Min. Entry Aug. 5,
2015; J. [15] at 2-3; and he has since been released from prison and is now under
the supervision of the Montgomery Residential Reentry Management ("RRM") field
office, with a projected release date of June 17, 2027, *see* Bureau of Prisons ("BOP")
Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 17, 2026).

Since his sentencing, Defendant has filed several motions for compassionate release, none of which were granted. On April 20, 2020, Defendant filed his first Motion [62] for Compassionate Release, *see* Mot. [62], which was denied because he failed to exhaust his administrative remedies, *see* Order [70]. Defendant filed a second Motion [72] for Compassionate Release on October 27, 2020, *see* Mot. [72], which the Court denied on the merits, stating that "the seriousness of the offense, as well as Defendant's prior criminal history and the need to protect the public, weigh against a reduction in sentence based upon consideration of the § 3553(a) factors," Order [77] at 10. More recently, on March 23, 2026, Defendant filed a third request for compassionate release, *see* Mot. [81], which the Court again denied due to Defendant's failure to exhaust his administrative remedies, *see* Order [83].

On June 16, 2026, Defendant filed his fourth Motion [85] for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). *See* Mot. [85] at 1. Defendant raises the same arguments he did in his most recent request for release, namely that his "medical situation has been extremely challenging" due to his diabetes and ongoing medical issues following back surgery. *Id.*; *see also* Mot. [81] at 1. Indeed, Defendant's current Motion [85] for Compassionate Release is practically identical to his last request; the only difference is that Defendant has attached a June 3, 2026, letter from RRM denying his administrative request for compassionate release. *See* Ex. [85-1] at 1 (Inmate Request to Staff Response).

## II.  DISCUSSION

A.    Relevant Legal Authority

As the Court has explained to Defendant on three prior occasions:

The court may not modify a term of imprisonment once it has been imposed except that—
(1)    in any case—
   (A)    the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf* or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
      (i)    extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added); *see also* Order [70] at 3; Order [77] at 4-5; Order [83] at 3-4.  The Court has also explained to Defendant that these exhaustion requirements apply even though he is no longer housed in a formal prison facility.  *See* Order [83] at 4; *see also United States v. Franco*, 973 F.3d 465, 468-69 (5th Cir. 2020).

B.    Analysis

Turning to the current request for compassionate release, the administrative letter Defendant received – and the letter he is ostensibly offering as evidence that he has exhausted his administrative remedies – states "[a]ccordingly, your request for a Compassionate Release/Reduction in Sentence is denied.  *If you are not*

*satisfied with this response, you may appeal through the Bureau of Prisons, Administrative Remedy Process.*"  Ex. [85-1] at 1 (emphasis added).

But the plain language of § 3582(c)(1)(A) requires a defendant to "fully exhaust[] all administrative rights" once an administrative request for compassionate release has been denied.  18 U.S.C. § 3582(c)(1)(A).  This includes all administrative appeals.  *See, e.g.*, *United States v. Cox*, 851 F. App'x 632, 633 (7th Cir. 2021) (unpublished) ("Before seeking compassionate release in court, a defendant must present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) . . . ." (quotation omitted)); *United States v. Rodriguez*, No. CR 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) ("For all administrative rights to appeal to be fully exhausted, in compliance with [§ 3582(c)(1)(A)], the compassionate release petitioner must administratively appeal any decision by the warden regarding compassionate release." (quotations omitted) (collecting cases)).

Defendant's administrative request for compassionate release was denied. *See* Ex. [85-1] at 1.  But based on the denial letter, there are still administrative avenues at Defendant's disposal for seeking release.  *See id.*  Defendant has not shown that he has exhausted those administrative appeals, and it seems unlikely that he would have, given that the initial denial was issued less than two weeks before he petitioned this Court for redress.  *See id.*; Mot. [85] at 1.  Defendant's Motion [85] should therefore be denied for failure to exhaust.  *See* 18 U.S.C. § 3582(c)(1)(A); *Cox*, 851 F. App'x at 633; *Rodriguez*, 2020 WL 5369400, at *2.

In its last Order [83], the Court cautioned Defendant "that if he files another motion for compassionate release, he must ensure that it complies with all exhaustion requirements.  Failure to comply with this admonition may result in the Court imposing sanctions, including a potential filing ban."  Order [83] at 5. Defendant is again warned that he **must** comply with **all** exhaustion requirements, and that failure to do so **may** result in a filing ban and other possible sanctions.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Calvin Allen's Motion [85] for Compassionate Release under 18 U.S.C. § 3582 is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE